IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RUNNER'S CONVENIENCE STORE, LLC | § § § § | |
| *Plaintiff,* | | |
| v. | § § | CIVIL ACTION NO: 7:23-cv-00008 |
| SCOTTSDALE INSURANCE COMPANY | § § § § | |
| *Defendant.* | | |

## NOTICE OF REMOVAL

Defendant Scottsdale Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Runner's Convenience Store, LLC. v. Scottsdale Insurance Company*; Cause No. DC-22-535; In the 381st Judicial District of Starr County, Texas.

## I.
## BACKGROUND

1. Plaintiff Runner's Convenience Store, LLC (hereinafter "Plaintiff") initiated the present action by filing their Original Petition in Cause No. DC-22-535; In the 381st Judicial District of Starr County, Texas on November 17, 2022 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on January 6, 2023, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule

81, a full copy of the state court file has been requested and will be filed upon receipt. Pursuant to Southern District of Texas Local Rule 81.(4), the State Court Action docket sheet is attached as **Exhibit C.**

4.	Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 381st Judicial District Court of Starr County, Texas.

5.	Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.	This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.	Diversity of Parties**

7.	Plaintiff Runner's Convenience Store, LLC is a Texas Domestic limited liability company. Citizenship of a limited liability company is determined by the citizenship of all of its members.[1] Based on a diligent search of publicly available information, the sole members of Runner's Convenience Store, LLC are Eleazar and Martha Hinojosa of Roma, Texas. Upon information and belief, and after a diligent search of publicly available information, all members of Plaintiff Runner's Convenience Store, LLC are domiciled within the State of Texas. No other

---

[1]	*Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

members of Runner's Convenience Store, LLC were discovered through a diligent search and review of publicly available records, and Scottsdale has no reason to believe that any members of Runner's Convenience Store, LLC and its related entities share the citizenship of Scottsdale. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas

8. Scottsdale Insurance Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Arizona. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Scottsdale is a citizen of the State of Ohio and Arizona.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

10. It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[2] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[3] If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[4]

11. Here, Plaintiff seeks "monetary relief of $250,000 or less," excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs. **Exhibit A**, Plaintiff's Original Petition, at ¶ 4. However, Plaintiff sent a pre-suit demand letter in which it claimed $257,887.56 in property damage to the property, and making a policy limits demand for $90,000.

---

[2]     28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[3]     *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[4]     *White v. FCI USA, Inc*., 319 F.3d 672, 675 (5th Cir. 2003).

**Exhibit D**, Plaintiff's July 21, 2022 demand letter at p. 4. Plaintiff has asserted claism under the Texas Insurance Code and DTPA, entitling them to a trebling of actual damages under Texas Insurance Code Chapter 541. *See* **Exhibit A,** ¶ 32-36; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[5] The threshold for diversity jurisdiction, $75,000, is therefore met by the evidence and allegations contained in Plaintiff's presuit demand letter and Original Petition.

12.  The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

13.  Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

14.  WHEREFORE, Defendant Scottsdale Insurance Company hereby provides notice that this action is duly removed.

*(Signatures on following page.)*

---

[5] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

        Respectfully submitted,

        */s/ Patrick M. Kemp*
        Patrick M. Kemp
        Texas Bar No. 24043751
        Southern District No. 38513
        pkemp@smsm.com
        Segal McCambridge Singer and Mahoney
        100 Congress Ave., Ste. 800
        Austin, Texas 78701
        (512) 476-7834
        (512) 476-7832 – Facsimile

        **ATTORNEY-IN-CHARGE FOR DEFENDANT SCOTTSDALE INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
Southern District No. 2970159
ddilizia@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 6th day of January, 2023 to:

Matthew Zarghouni                                 ***#9414 7266 9904 2178 2276 73***
Zar Law Firm
3900 Essex Lane, Suite 1011
Houston, Texas 77027
matt@zar-law.com

        */s/ Patrick M. Kemp*
        Patrick M. Kemp